UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACARIO VILLALPANDO,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:25-cv-1437 CSK P<br><br>ORDER AND ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and seeks the appointment of counsel. Petitioner paid the filing fee.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, petitioner is ordered to show cause why this action should not be dismissed for failure to state a cognizable federal habeas claim.

I.   BACKGROUND

On April 19, 2018, a jury convicted petitioner of second degree murder. (ECF No. 2 at 31.) According to the Sacramento County Superior Court, petitioner is serving a sentence of 25

1  years to life for murder, with an enhancement for personal use of a firearm.  In re Macario
2  Villalpando, On Habeas Corpus, (Superior Court, Sacramento County, Case No. 24HC00423,
3  Order, Judge Gallaway, Nov. 5, 2024); (ECF No. 2 at 20).  Petitioner was last sentenced in 2023.
4  (Id. at 20, 30-31 (amended abstract of judgment).)
5       On October 7, 2024, petitioner signed a petition for writ of habeas corpus filed in the
6  Sacramento County Superior Court.  (ECF No. 2 at 23-28.)  On November 5, 2024, the
7  Sacramento County Superior Court denied the habeas petition in a reasoned decision, citing
8  People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Swain, 34 Cal. 2d 300, 303-04 (1949), and In
9  re Harris, 5 Cal. 4th 823, 872 n.5 (1993).  (ECF No. 2 at 21.)  Specifically, the superior court
10 found:

> Petitioner does not state with particularity facts which, if true, would justify habeas relief, as required under Duvall.  Allegations of legal conclusions without explanation are conclusory and insufficient to justify habeas relief. (In re Swain, [34 Cal.2d at 303-04].) Petitioner cites no authority for the proposition that a court is required to review a sentence for ameliorative changes in law that may 'be applicable.

15 (Id.)
16      On November 20, 2024, petitioner signed a petition for writ of habeas corpus filed in the
17 California Supreme Court, No. S288033.  (Id. at 11.)  On April 16, 2025, the California Supreme
18 Court, summarily denied the petition for writ of habeas corpus.  (Id. at 10.)
19      On May 19, 2025, the Court of Appeals for the Ninth Circuit transferred petitioner's
20 federal habeas petition to this Court, and deemed it filed on April 23, 2025, the date petitioner
21 signed the petition. (ECF No. 1 at 1.)  In his federal petition, petitioner challenges the validity of
22 the enhancement to his sentence, requests a "full judicial investigation," and seeks an order for a
23 recall of sentence and resentencing including petitioner's release.  (ECF No. 2 at 3, 8.)
24 II.    STANDARDS GOVERNING SENTENCING CLAIMS
25      A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on
26 behalf of a person in custody pursuant to the judgment of a State court only on the ground that he
27 is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.
28 § 2254(a).  Alleged errors of state law, including errors of state sentencing law, are generally

insufficient to warrant federal habeas relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (sentencing is governed by state law, and errors related to the application of state law do not support federal habeas relief); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (concluding that whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review), cert. denied, 499 U.S. 963 (1991).

A state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (Citation omitted)). However, a habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

### III.    FAILURE TO STATE COGNIZABLE FEDERAL HABEAS CLAIM

Petitioner seeks habeas relief on the same grounds he asserted in both of his state court habeas petitions. Specifically, he claims the trial court imposed an illegal enhancement, and challenges the validity of the enhancement based solely on state laws. (ECF No. 2.) Petitioner does state that he is now exercising his "rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments" (id. at 3), but he does not identify a specific violation of the Constitution or federal law. Rather, petitioner asks this Court to investigate all California sentencing codes that have been "repealed or amended" in his case, including all that are retroactive, specifically citing California Penal Code section 1385 regarding California Senate Bills 81, 620, 1393, and California Assembly Bill 2483, and "all related California Bills." (ECF No. 2 at 3.) In addition, to explain why he did not challenge his sentence on direct appeal, petitioner cites California Penal Code Section 1473 (California Senate Bill 97), which became effective on January 1, 2024. (ECF No. 2 at 5.)

///

As the Sacramento County Superior Court found, petitioner "does not state with particularity facts which, if true, would justify habeas relief." (ECF No. 2 at 21.) Rather, petitioner asks the Court to investigate his case and identify changes that might reduce his sentence. But petitioner cites no legal authority requiring or even authorizing such judicial investigation.

Thus, as written, the petition does not identify a state sentencing error. Petitioner was convicted of second degree murder, and his sentence was enhanced based on his personal use of a firearm in the commission of that murder. Petitioner alleges no facts or law showing that the enhancement was illegally imposed. But even if petitioner had presented specific facts to support his challenge to the enhancement based on his personal use of a firearm in the commission of the second degree murder, he alleges no facts demonstrating that the trial court's alleged state law error was so arbitrary and capricious as to constitute an independent due process violation. There is nothing in the petition or its exhibits to show that the trial court's sentencing proceedings were fundamentally unfair. Therefore, the petition fails to state a cognizable federal habeas claim.[1] Lewis, 497 U.S. at 780; see also Cervantes v. Moore, 2024 WL 1134976, at *14 (C.D. Cal. Jan. 3, 2024) (prisoner's claim that he was "entitled to relief under former California Penal Code section 1473(b)(3)(A) (as amended by Senate Bill 1134), presents only a state law issue not cognizable on federal habeas review"), adopted, 2024 WL 1198438 (C.D. Cal. Mar. 20, 2024); Rodriguez v. Koenig, 2023 WL 2789584, at *9 (E.D. Cal. Apr. 5, 2023) (alleged violation of "full sentencing rule" at resentencing raised only a question of state law, not cognizable on federal habeas review), adopted, 2023 WL 6130341 (E.D. Cal. Sept. 19, 2023); see also Godfrey v. Warden PVSP, 2020 WL 3544980, at *2 (N.D. Cal. June 30, 2020) (a state court's alleged misapplication of

---

[1] Further, even if petitioner were to amend his federal petition to now set forth facts supporting a due process claim for relief based on federal law, this Court would question whether petitioner had fairly presented a federal due process claim or any other ground for relief based on federal law in his proceedings before the California Supreme Court. In order to demonstrate exhaustion of state court remedies, petitioner must "'fairly present' the substance of his claim to the state court." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999). A claim has not been fairly presented unless the petitioner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

Senate Bill 620 does not present a federal habeas claim).

Consequently, petitioner is ordered to show cause, within thirty days from the date of this order, why this action should not be dismissed for failure to state a cognizable habeas claim. Petitioner may file an amended petition, but the amended petition must make clear petitioner's asserted grounds for federal habeas relief.

IV. PETITIONER'S REQUEST FOR COUNSEL

Petitioner requested the appointment of counsel. (ECF No. 2 at 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time, and his request is denied.

V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, petitioner shall show cause why this action should not be dismissed for failure to state a cognizable habeas claim. Failure to respond to this order to show cause will result in a recommendation that this action be dismissed for failure to state a claim.

2. Petitioner's request for appointment of counsel (ECF No. 2 at 3) is denied.

3. The Clerk of the Court is directed to send petitioner the form for filing a federal petition for writ of habeas corpus.

Dated: June 17, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vill1437.osc

5