UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACARIO VILLALPANDO,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:25-cv-1437 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. As discussed below, the Court discharges the June 17, 2025 order to show cause, and recommends that this action be dismissed for failure to state a cognizable federal habeas claim.

I.   BACKGROUND

On April 19, 2018, a jury convicted petitioner of second degree murder. (ECF No. 2 at 31.) According to the Sacramento County Superior Court, petitioner is serving a sentence of 25 years to life for murder, with an enhancement for personal use of a firearm. In re Macario Villalpando, On Habeas Corpus, (Superior Court, Sacramento County, Case No. 24HC00423,

1

Order, Judge Gallaway, Nov. 5, 2024); (ECF No. 2 at 20). Petitioner was last sentenced in 2023. (Id. at 20, 30-31 (amended abstract of judgment).)

On October 7, 2024, petitioner signed a petition for writ of habeas corpus filed in the Sacramento County Superior Court. (ECF No. 2 at 23-28.) On November 5, 2024, the Sacramento County Superior Court denied the habeas petition in a reasoned decision, citing People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Swain, 34 Cal. 2d 300, 303-04 (1949), and In re Harris, 5 Cal. 4th 823, 872 n.5 (1993). (ECF No. 2 at 21.) Specifically, the superior court found:

> Petitioner does not state with particularity facts which, if true, would justify habeas relief, as required under Duvall. Allegations of legal conclusions without explanation are conclusory and insufficient to justify habeas relief. (In re Swain, [34 Cal.2d at 303-04].) Petitioner cites no authority for the proposition that a court is required to review a sentence for ameliorative changes in law that may be applicable.

(Id.)

On November 20, 2024, petitioner signed a petition for writ of habeas corpus filed in the California Supreme Court, No. S288033. (Id. at 11.) On April 16, 2025, the California Supreme Court, summarily denied the petition for writ of habeas corpus. (Id. at 10.)

On May 19, 2025, the Court of Appeals for the Ninth Circuit transferred petitioner's federal habeas petition to this Court, and deemed it filed on April 23, 2025, the date petitioner signed the petition. (ECF No. 1 at 1.)

In his federal petition, petitioner challenges the validity of the enhancement to his sentence, requests a "full judicial investigation," and seeks an order for a recall of sentence and resentencing including petitioner's release. (ECF No. 2 at 3, 8.)

On June 17, 2025, petitioner was ordered to show cause why this action should not be dismissed for failure to state a cognizable habeas claim. (ECF No. 6.) On June 25, 2025, petitioner filed a response to the order to show cause. (ECF No. 7.)

II.     STANDARDS GOVERNING SENTENCING CLAIMS

A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Alleged errors of state law, including errors of state sentencing law, are generally insufficient to warrant federal habeas relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (sentencing is governed by state law, and errors related to the application of state law do not support federal habeas relief); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (concluding that whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review), cert. denied, 499 U.S. 963 (1991).

A state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (citation omitted)). However, a habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

III. THE FEDERAL PETITION

Petitioner seeks habeas relief on the same grounds he asserted in both of his state court habeas petitions. Specifically, he claims the trial court imposed an illegal enhancement, and challenges the validity of the enhancement based solely on state laws. (ECF No. 2.) Petitioner states that he is now exercising his "rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments" (id. at 3), but he does not identify a specific violation of the Constitution or federal law. Rather, petitioner asks this Court to investigate all California sentencing codes that have been "repealed or amended" in his case, including all that are retroactive, specifically citing California Penal Code section 1385 regarding California Senate Bills 81, 620, 1393, and California Assembly Bill 2483, and "all related California Bills." (ECF No. 2 at 3.) To explain why he did not challenge his sentence on direct appeal, petitioner cites California Penal Code Section 1473 (California Senate Bill 97), which became effective on January 1, 2024. (Id. at 5.)

## IV. DISCUSSION

The petition does not identify a state sentencing error. As the Sacramento County Superior Court found, petitioner "does not state with particularity facts which, if true, would justify habeas relief." (ECF No. 2 at 21.) Petitioner was convicted of second degree murder, and his sentence was enhanced based on his personal use of a firearm in the commission of that murder. Petitioner alleges no facts or law showing that the enhancement was illegally imposed. But even if petitioner had presented specific facts to support his challenge to the enhancement based on his personal use of a firearm in the commission of the second degree murder, he alleges no facts demonstrating that the trial court's alleged state law error was so arbitrary and capricious as to constitute an independent due process violation. There is nothing in the petition or its exhibits to show that the trial court's sentencing proceedings were fundamentally unfair. Therefore, the petition fails to state a cognizable federal habeas claim. See Jeffers, 497 U.S. at 780; see also Cervantes v. Moore, 2024 WL 1134976, at *14 (C.D. Cal. Jan. 3, 2024) (prisoner's claim that he was "entitled to relief under former California Penal Code section 1473(b)(3)(A) (as amended by Senate Bill 1134), presents only a state law issue not cognizable on federal habeas review"), adopted, 2024 WL 1198438 (C.D. Cal. Mar. 20, 2024); Rodriguez v. Koenig, 2023 WL 2789584, at *9 (E.D. Cal. Apr. 5, 2023) (alleged violation of "full sentencing rule" at resentencing raised only a question of state law, not cognizable on federal habeas review), adopted, 2023 WL 6130341 (E.D. Cal. Sept. 19, 2023); see also Godfrey v. Warden PVSP, 2020 WL 3544980, at *2 (N.D. Cal. June 30, 2020) (a state court's alleged misapplication of Senate Bill 620 does not present a federal habeas claim).

In his response to the order to show cause, petitioner again claims to exercise his constitutional rights, but does not identify the specific constitutional violation his petition challenges, or provide specific facts that would justify habeas relief. (ECF No. 7 at 3.) Rather, petitioner reiterates that he challenges the validity of his sentence based on the trial court's imposition of an allegedly illegal enhancement, focuses on the prosecutor's role, and renews his request for an investigation. (Id. at 1-3.) But petitioner provides no specific facts showing that the sentencing proceedings were fundamentally unfair.

      Petitioner also notes that the Court of Appeals for the Ninth Circuit transferred his petition to this Court and deemed it filed on April 23, 2025. (Id.) However, the Ninth Circuit stated that the "transfer order is issued without regard to whether petitioner's claims have any merit or satisfy the procedural requirements of 28 U.S.C. § 2244(d) and 2254." (ECF No. 1 at 2.)

      Because petitioner attempts to challenge his sentence but includes no facts or law showing that the trial court's sentencing proceedings were fundamentally unfair, the petition should be dismissed for failure to state a cognizable habeas claim.

## V. CONCLUSION

      In accordance with the above, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 6) is discharged.

2. The Clerk of the Court is directed to assign a district judge to this case.

      Further, IT IS RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 07/02/25

                                                      CHI SOO KIM
                                                      UNITED STATES MAGISTRATE JUDGE

/1/vill1437.156